UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 2:15-cr-72 |
|  | ) |  |
| ANTON LAMONT JAMES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION & ORDER**

Defendant Anton Lamont James has filed a Motion to Dismiss or, in the Alternative, To Sever, which alleges violations of the Speed Trial Act. (DE 653.) He argues that the delay in trying this case between December 18, 2016, and October 16, 2017, is not excludable under the Act and that he has been prejudiced by this violation of the law. (*Id.*; DE 704 at 1–2.) I have reviewed the entries on the docket pertaining to excludable time, audio recordings of the hearings held by Magistrate Judge Andrew Rodovich, and the parties' briefs, and I heard oral argument by the parties. For the reasons below, James's motion is denied.

**The Speedy Trial Act**

The Speedy Trial Act requires me to dismiss an indictment on the motion of the defendant if more than 70 days has passed between the defendant's appearance and the beginning of the trial. 18 U.S.C. § 3162 (a)(2). However, the Act includes a "long and detailed list of periods of delay that are excluded in computing the time within which

trial must start." *Zedner v. United States*, 547 U.S. 489, 506–7 (2006) (citing 18 U.S.C.
§ 3161(h)). Two of the enumerated delays are at issue here:

> (6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
>
> (7)(A) Any period of delay resulting from a continuance . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(6)–(7).

Section 3161(h)(7) also delineates certain factors that the court must consider in deciding whether a continuance is excludable under the "ends-of-justice" provision, two of which are relevant here:

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
> (iv) Whether the failure to grant such a continuance in a [non-complex] case . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(ii), (iv).

To exclude time from the speedy trial clock under the ends-of-justice provision in section 3161(h)(7), the court is required to "set forth, in the record of the case, either

2

orally or in writing, its reasons for granting an ends-of-justice continuance." *United States v. O'Connor*, 656 F.3d 630, 636 (7th Cir. 2011) (citation and internal quotation marks and brackets omitted). The Act does not specify when the findings made at the time of the continuance must be put into the record, but "at the very least the Act implies that the district court must enter the findings into the record *not later than* the time the court rules on a defendant's motion to dismiss." *Id.* (citing *Zedner*, 547 U.S. at 507) (emphasis in original) (internal quotation marks omitted).

**Discussion**

James concedes that the delays between July 27, 2015, and December 18, 2016 were excludable from the speedy trial clock, but I will start at the beginning because Judge Rodovich's earlier findings about the exclusion of time informed his later ones.

*July 27, 2015 – October 5, 2015*

James's speedy trial clock began to tick on July 16, 2015, when the two-count indictment charging him with murder in aid of racketeering and use of a firearm during and in relation to a crime of violence was unsealed. (DE 1; DE 4.) James was arraigned eleven days later, and at that time Judge Rodovich asked the parties about the death-penalty eligible case and the time needed for discovery. He also asked James's then-attorney, Matthew Soliday, whether he objected to a continuance, and he did not. Judge Rodovich then made oral findings on the record that the delay from July 27, 2015, and October 5, 2015, was excludable because the case is complex and would involve extensive discovery and noted that he had "considered both the public interest and the

3

defendant's interest in a speedy trial and, due to the complexity of the case, believe[d] that more time was necessary to allow James's attorney to prepare." *See generally* 18 U.S.C. § 3161(h)(7)(A)–(B).

### *October 5, 2015 – November 25, 2015*

The next hearing was held on October 5, 2015. The parties updated Judge Rodovich on the status of discovery, and James's attorney requested a second continuance to allow more time for discovery and investigation. Judge Rodovich asked whether James objected to exclusion of the continuance under the Speed Trial Act, and counsel said that he did not. Judge Rodovich made oral findings on the record that "due to the nature and extent of this case and the fact that it is a death penalty eligible case, I will find the time period between now and November 25th to be excluded, considering both the public interest and the defendant's interest in a speedy trial." *See generally id.*

### *November 25, 2015 – January 20, 2016*

At the next status hearing on November 25, 2015, the parties informed the court that some discovery remained outstanding. In addition, the government notified the court that it would be filing a superseding indictment naming additional defendants in the next few weeks and that, even though it no longer intended to seek the death penalty, it believed that the case remained complex. Judge Rodovich proposed a continuance until January 20, 2016, and James's attorney stated that he had no objection to a finding that the delay was excludable under the Speed Trial Act. Judge Rodovich then made the following oral findings:

> Considering both the public interest and the defendant's interest in a speedy trial, I previously determined that this was a complex case. Due to the superseding indictment and the possible addition of additional parties, I will find the matter between now and January 20th excludable.

*See generally id.*

On December 2, 2015, the government filed a superseding indictment, naming 16 additional defendants in a wide-ranging RICO conspiracy involving the Latin Kings. (DE 20.) It is well-settled that "a new 70-day speedy trial period commences with the appearance of a later-added defendant[,]" and so James's speedy trial clock was reset. *See United States v. Adams*, 625 F.3d 371, 377–78 (7th Cir. 2010) (citations omitted). Judge Rodovich held a hearing on December 14, 2015, at which James was represented by a new attorney, David Vandercoy. Vandercoy stated that he had not yet picked up the discovery from James's prior attorney. The government informed the court that it would be producing a new set of discovery related to the RICO charge before January 20, 2016, the date set for James's arraignment on the superseding indictment, and that it continued to believe that the case was complex. Judge Rodovich agreed: "this is a complex case, and . . . the time period between now and the arraignment on the 20th should be excluded. I have considered both the defendant's interest and the public's interest in a speedy trial." *See generally* 18 U.SC. § 3161(h)(7).

### *January 20, 2016 – October 21, 2016*

At the January 20, 2016 hearing, the defendants updated the court on discovery, and Judge Rodovich set a briefing schedule for pretrial motions that would culminate in

the filing of replies on October 21, 2016. He also set trial for all defendants on January 20, 2017. When Judge Rodovich asked the parties whether there was any objection to his previous determination that the case was complex, neither James nor any other party objected. Judge Rodovich then made the following oral findings:

> Due to the complexity of the case, I will find that considering both the public's interest and the defendants' interest in a speedy trial, that the time period between now and the filing and briefing and ruling on the motions should be excluded.

*See generally id.*

### *August 16, 2016 – November 18, 2016*

In July 2016, the government filed the Second Superseding Indictment, which charged nine additional defendants, bringing the total to 26 and again resetting James's and the other defendants' speedy trial clocks. (*See* DE 260.) At a hearing on August 16, 2016, the government informed the court that all discovery would be produced within four weeks, and the court set a briefing schedule for pretrial motions by the new defendants that would allow them to be tried with the previously indicted defendants, who were set to be tried on January 9, 2017. (*See* DE 374.) Judge Rodovich renewed his earlier findings that this case is complex "in light of the second superseding indictment and the fact that the case has gotten bigger" and that another continuance for "reviewing discovery and filing pretrial motions should be excluded considering both the public's interest and the defendants' interest in a speedy trial." *See generally* 18 U.SC. § 3161(h)(7). It bears noting that, although James's attorney lodged an objection to any continuance of the trial beyond January 2017 at the August 16th hearing, he did not

6

object to the exclusion of the continuance to November 18, 2016, and, in any event, he concedes in his reply that this delay was properly excluded. (*See* DE 704 at 2.)

*November 17, 2016 - October 16, 2017*

That takes us to November 17, 2016, when one of James's more recently charged co-defendants, Efren Delangel, filed a motion to continue the final pretrial conference and the trial, to allow more time for discovery. (DE 458.) Delangel was indicted more than a year after James, and so he had not had the benefit of several continuances to get through the voluminous discovery. Delangel's motion noted that James objected to the continuance, but James neither filed a formal objection nor moved to sever his trial from the trial of the other defendants. On November 30, 2016, Judge Rodovich granted Delangel's motion to continue. (DE 471.) The time between the filing of Delangel's motion and its disposition (November 17–30, 2016) was excludable from all defendants' speedy trial clocks pursuant to section 3161(h)(1)(D). In addition, Judge Rodovich's order found that the time between November 30, 2016 and the new trial date of October 16, 2017 was excludable with respect to Delangel pursuant to section 3161(h)(7)(A) because Delangel had been diligent and because:

> the ends of justice served by granting such a continuance outweigh the . . . interest of the public and the defendant in a speedy trial, particularly where a failure to grant such a continuance would unreasonably deny [Efren Delangel] the reasonable assistance of counsel and the time necessary for effective preparation for trial and for the preparation of pretrial motions[.]

(*Id.*) Judge Rodovich found that the delay was excludable with respect to the other defendants—including Mr. James—pursuant to section 3161(h)(6), which allows the exclusion of a reasonable period of time when there are co-defendants and no motion for severance has been granted. (DE 471 at 1.)

After the November 30, 2016 order was entered, James took no action to sever his trial and requested no other relief from the court, until several months later (and after the government had filed a Third Superseding Indictment charging even more defendants), when he filed the instant motion. (*See generally* DE 496; DE 653.) The defendants added in the Third Superseding Indictment have been severed from the defendants in the Second Superseding Indictment. So the filing of Third Superseding Indictment has had no effect on Mr. James from a speedy trial point of view. In any event, James now argues that Judge Rodovich did not support his earlier section 3161(h)(7) ruling *with respect to* James and that the delay until October 2017 could not be excluded pursuant to section 3161(h)(6) because a ten-month delay is not "reasonable" as required by that provision. (DE 704 at 2–3.)

I disagree and find nothing deficient in Judge Rodovich's November 30, 2016 order. Judge Rodovich was not required to make a record of his reasons for excluding the delay until trial from James's speedy trial clock under section 3161(h)(7) because the judge did not exclude time from *James's* clock pursuant to that provision. Instead, the ends-of-justice findings in Judge Rodovich's order pertained to the exclusion of time

8

from the speedy trial clock of *Delangel*, the movant—and those findings were sufficient to satisfy section 3161(h)(7)(A). (See *id.* at 1–2 (referring to a single defendant).)

Judge Rodovich's November 30, 2016 order found the delay excludable from *James's* speedy trial clock by way of a different provision, section 3161(h)(6). (*Id.* at 1.) Under that section, the "excludable delay of one defendant [whose clock has not run] may be ascribed to an unsevered codefendant provided that the delay is reasonable." *U.S. v. Piasecki*, 969 F.2d 494, 500 (7th Cir. 1992) (citation omitted); 18 U.S.C. § 3161(h)(6). When Judge Rodovich entered the order, Delangel's clock had not run, and no motion to sever had been granted (or even filed), and so section 3161(h)(6) allowed the exclusion of a reasonable delay from James's clock.

Nor has James explained why ten months should be deemed an unreasonable delay, given the facts of this case. *See generally United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984). "The Legislative history of section 3161(h)(7) illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of defendants be liberally excluded." *Id.* (internal quotation marks and citation omitted) (referring to section 3161(h)(6) by its former numbering). This case involves a gang conspiracy alleged to span more than a decade and involve dozens of actors in a variety of criminal endeavors, and it is undoubtedly complex, as Judge Rodovich determined on numerous occasions. On this record and based on the foregoing analysis, ten months is a reasonable delay, and there was no violation of the Speedy Trial Act.

## Conclusion

Accordingly, James's Motion to Dismiss or, in the Alternative, to Sever (DE 653) is **DENIED**.

**SO ORDERED.**

ENTERED: May 22, 2017.

                                          s/ Philip P. Simon
                                          JUDGE, UNITED STATES DISTRICT COURT